



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. 3:99-CR-112-G(02) |
| | § | No. 3:05-CV-0568-G |
| SHENARD TYVON WELLS, | § | |
| Defendant. | § | |

## ORDER

Defendant Shenard Wells, appearing *pro se*, has filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. He filed a previous § 2255 motion on September 9, 2002, which was denied on June 27, 2003. The Fifth Circuit Court of Appeals denied his application for a Certificate of Appealability on February 20, 2004.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before a defendant can file another motion in district court. *Id.* §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. The defendant must obtain such an order before another motion for post-

conviction relief is filed.

Defendant's motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255 is dismissed without prejudice pending review by a three judge panel of the court of appeals.

IT IS SO ORDERED, May 23, 2005.

_____
UNITED STATES DISTRICT JUDGE

# CLOSED

CASE NUMBER: 3:05-CV-0568-G

DATE: 5 / 23 / 2005

TRIAL: YES _____ NO  X