IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Criminal No. 3:99-CR-112-G |
| | § | |
| | § | |
| SHENARD TYVON WELLS (02), | § | |
| | § | |
| Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and the September 27, 2011 order of the District Judge, this case has been referred to the undersigned for a recommendation on Defendant's counseled *Corrected Rule 60(b) Motion for Relief of Judgment* (Doc. 473). Upon consideration, the undersigned recommends that the motion be **DENIED**.

In August 1999, Defendant and others were charged in a superseding indictment with various crack cocaine-based offenses. (Doc. 150). Defendant pled guilty to possession with intent to distribute crack cocaine and, following a jury trial, he also was convicted of conspiracy to distribute and possess with intent to distribute cocaine base. (Doc. 265); *see United States v. Wells*, 262 F.3d 455, 458 (5th Cir. 2001). In February 2000, the District Judge sentenced Defendant to 360 months' imprisonment on both counts, to run concurrently. (Doc. 265 at 2).

Following the affirmance of his convictions on appeal, Defendant filed numerous unsuccessful motions pursuant to 28 U.S.C. § 2255. (Docs. 334, 337, 364, 400, 432). In April 2008, Defendant sought relief, *pro se*, under 18 U.S.C. § 3582(c), seeking a reduction of his sentence based on the retroactive crack cocaine amendments to the United States Sentencing

Guidelines. (Doc. 457). The District Judge denied the motion, finding that Defendant did not qualify for a sentencing reduction because, even applying the two-level reduction, the amended guideline range would still be the same as the original range. (Doc. 460).

Defendant now has filed, through counsel, a *Corrected Rule 60(b) Motion for Relief of Judgment*. (Doc. 473). In his motion, Defendant seeks relief, via Rule 60(b) of the Federal Rules of Civil Procedure, from the criminal judgment imposed against him in 2000. (Doc. 473 at 13). In particular, Defendant challenges an obstruction-of-justice enhancement applied under the Sentencing Guidelines and resulting in an increased total offense level, which he claims was in violation of *United States v. Booker*, 543 U.S. 220 (2005). (*Id.* at 15-19). Defendant claims that if this Court removes the two-level enhancement and grants the two-level reduction under section 3582 based on the retroactive crack cocaine guideline amendments, his total offense level would be 38, thereby resulting in a lower advisory guidelines range from which the Court should depart. (*Id.* at 19-32). Finally, Defendant requests that, upon re-sentencing, the Court should downwardly depart from his advisory guidelines range, pursuant to U.S.S.G. § 5K2.0, based on his post-conviction rehabilitation. (*Id.* at 32-39).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for a number of reasons. However, the civil procedural rules do not apply in the criminal context and thus cannot provide support for Defendant's motion. *See* FED. R. CIV. P. 1; *United States v. Flores*, 380 Fed. Appx. 371, 372 (5th Cir. 2010) (holding that Rule 60(b) does not provide relief from a judgment in a criminal case). It appears, in actuality, that Defendant's motion is a thinly-veiled attempt to re-litigate sentencing issues that either were raised, or should have been raised, in a motion for new trial, on direct appeal, or in a section 2255 motion. *See*

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (noting that a Rule 60(b) motion that challenges the denial of a prior habeas motion generally should be dismissed as an impermissibly second or successive petition).  Further, the Court cannot apply a section 5K2.0 downward departure post-sentencing.

At this point, the Court is without the power or discretion to alter Defendant's sentence. While the Court is not unsympathetic to Defendant's health issues, it appears that his only possible recourse would be to request that the Bureau of Prisons file a motion to reduce the term of his imprisonment based on any "extraordinary and compelling reasons" that it finds may warrant such a reduction.  *See* 18 U.S.C. § 3582(c)(1).  Accordingly, it is **RECOMMENDED** that Defendant's *Corrected Rule 60(b) Motion for Relief of Judgment* (Doc. 473) be **DENIED**.

**SO RECOMMENDED** on September 27, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3